IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLARD SMITH, | ) | |
| Petitioner, | ) ) ) | |
| | ) | CIV-11-85-M |
| v. | ) ) | |
| DAVID PARKER, Warden, | ) ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Lewd Molestation (eight counts) entered against him in the District Court of Kingfisher County, Case No. 2007-48, for which he is serving consecutive 20-year terms of imprisonment. Respondent has responded to the Petition and filed the relevant state court records, including a copy of the three-volume trial transcript (hereinafter "TR ___"). Petitioner has filed a Traverse in reply to the Response. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

In a jury trial conducted on April 14-15, 2008, the two young female victims, who were both 8 years old at the time of the offenses, testified that Petitioner molested them on multiple occasions inside of the pick-up camper where Petitioner lived behind his mother's

1

house.  Law enforcement officers testified that following Petitioner's arrest he was interviewed and admitted that the victims had visited him and had been inside the pick-up camper with him three or four times.  He admitted the victims had sat and laid on the bed with him, that he was only wearing his boxers, that he had played games with the victims, and that when the victims asked to play with his puppies "he'd slap them on the butt and say let's go." TR vol. II, at 179-182.  He also admitted that he had one victim on each side of him in the bed and that he had tickled them and rubbed their stomachs.  TR vol. II, at 181-182.

According to the investigating officer's testimony, during the post-arrest interrogation Petitioner talked about a "demon coming back" and stated that he should never have allowed the victims inside his camper. TR vol. II, at 183-184.  In an *in camera* hearing, two of Petitioner's nieces and his daughter testified that Petitioner had molested them when they were eight to ten years old (a niece), five or six years old (a second niece), and four to thirteen years old (his daughter). TR vol. II, at 396-400, 406-408, 417-422.  The trial court ruled that this testimony was admissible as evidence that Petitioner had a propensity to sexually abuse young girls.  TR vol. II, at 429-433.  After the trial judge gave a limiting instruction to the jury, these three witnesses testified during the trial consistently with their testimony during the *in camera* hearing. TR vol. II, at 434-447.  Petitioner did not testify during the trial. TR vol. II, at 475.  The jury found Petitioner guilty of all eight counts of Lewd Molestation and recommended 20-year terms of imprisonment for each conviction. Petitioner was sentenced accordingly, and the trial court ordered that the sentences run consecutively.

II. Petitioner's Claim

In his Petition, Petitioner alleges as his sole ground for habeas relief that he was denied a fundamentally fair trial due to jury tampering by the prosecutor, Mr. Slabotsky. In support of this claim, Petitioner alleges that Mr. Slabotsky "entered the jury room during [jury] deliberations and told them, 'I need you to trust me on this. You need to find him 100% guilty!'" Petition, at 6. According to Petitioner, this statement "caused the jurors to cease their deliberations and immediately enter a guilty verdict on all counts." Id. Petitioner alleges that he did not raise this claim in his direct appeal because he "had no reason to suspect Jury Tampering until Juror Brenda Jean Wallace came forward and told Margie Burpo and Tim Burpo in October of 2008." Petition, at 7.

In his direct appeal, Petitioner asserted that (1) the admission of tainted statements and testimony gained through leading, suggestive and manipulative police interrogation of the eight and nine-year-old victims violated Petitioner's substantive due process rights; (2) Petitioner was prejudiced by the improper admission of clearly unreliable child hearsay statements; (3) the improper introduction of other crimes evidence prejudiced Petitioner and deprived him of a fair trial; (4) the trial court committed fundamental error by issuing an old version of a uniform jury instruction that could have been interpreted to direct a verdict in favor of the prosecution; (5) the jurors were not instructed properly on the range of punishment, and Petitioner's sentences must be modified; (6) Petitioner's sentence is excessive and must be modified; (7) Petitioner was denied effective assistance of counsel due to counsel's failure to preserve the issues in grounds one, two, four, and five for appellate

3

review; and (8) cumulative errors deprived Petitioner of a fair trial. Response, Ex. 1. In a summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA") rejected each of these claims and affirmed the convictions and sentences. Response, Ex. 3.

Petitioner first asserted the claim of jury tampering in a post-conviction application filed in the district court on May 27, 2010. Petition, att. 2. Petitioner also asserted that "[t]he granting of a recess for the express purpose of suborning [sic] perjury violated the Petitioner's rights to Due Process and confrontation" and that he was denied constitutionally effective assistance of trial and appellate counsel. Id. He supported the claim of jury tampering with his affidavit in which he asserted that his aunt had visited him in prison in 2009 and informed him that a juror in his trial "had personally told her and my Uncle Tim Burpo that the District Attorney entered the Juror [sic] room during deliberations and told them, 'I need you to trust me on this. You need to find him 100 % guilty!'" Petition, att. 2, ex. 1. In an order entered August 20, 2010, the district court denied the application. Response, Ex. 5, att. 1. Petitioner appealed the decision, and the OCCA remanded the matter to the district court for the district court to address Petitioner's claim of ineffective assistance of appellate counsel. On November 3, 2010, the district court entered an order denying Petitioner's post-conviction application. The court concluded that Petitioner's claim of jury tampering was without merit. In a footnote, the court entered findings that

> the geographics of he jury room are such that it would be virtually impossible for anyone to enter the jury room during deliberations without the Court knowing of such intrusion. The jury room is situated at the end of a short hallway that leads from the courtroom, passing by a door to the Court chambers.

4

> The door from the courtroom into this hallway is shut and locked during deliberations and not accessible to anyone in the Courtroom. There is a security lock which requires knowledge of a code to open the Door. The District Attorney does not have the code. Nor do defense attorneys. Thus to get into the hallway, the District Attorney would have had to walk past the office of bailiff and through the Court chambers to open the chambers door way to the hall leading to the jury room. Even supposing the District Attorney figured out the code and opened the door rather than going through chambers, he could not have done so without being heard by the Court. Also, since the Court keeps her door into the hallway open during jury deliberations, she could also see anyone opening the courtroom door and walking toward the jury room door. The only other access is a third door at the end of the hallway which leads to the outside. If this door is opened, it can be heard in chambers and even in the courtroom. There are only two keys to the outside door that allows access from the outside into the hallway - - one is held by the bailiff and the other by the Sheriff of the County. Had that door been opened and then the jury room door opened, the Court would have heard and would have immediately investigated. The Court was satisfied no one entered the jury room during the 50 minutes of deliberation and the claim of jury taint was ludicrous and frivolous.

Response, Ex. 4, at 4, n. 4. The district court further found that Petitioner had

> waived consideration of these allegations because he alleged no facts showing he could not have raised this issue on direct appeal rather than waiting a year after his appeal was denied and the mandate was issued on August 18, 2009. Nor did he raise this issue in his first pro se motion seeking a suspended sentence filed September 2, 2009. The defendant was sentenced June 19, 2008, and yet waited approximately 2 years to attempt to raise this issue. The Court found this could have been raised on appeal. The names of the jurors were a matter of public record and either the defendant or his extremely supportive family could have investigated any matter they believed might help him.

Id.

5

In an order entered December 3, 2010, the OCCA affirmed the district court's denial of the post-conviction application. Response, Ex. 6. The court found that Petitioner's claim of ineffective assistance of trial counsel was barred by *res judicata* because Petitioner had asserted a claim of ineffective assistance of trial counsel in his direct appeal but had not raised this specific claim in his direct appeal, that his claim of ineffective assistance of appellate counsel had no merit, and that his "remaining issues were either raised on direct appeal and are barred by the doctrine of *res judicata* or could have been raised on direct appeal and are waived." Id. at 2-3.

Respondent contends that Petitioner's state court procedural default of his jury tampering claim also bars federal habeas review of the merits of this claim. On habeas review, federal courts "will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice. Beard v. Kindler, __ U.S. __, 130 S.Ct. 612, 614 (2009); Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Coleman v. Thompson, 501 U.S. 722, 750 (1991); Smith v. Workman, 550 F.3d 1258, 1274 (10th Cir. 2008), cert. denied, __ U.S. __, 130 S.Ct. 238 (2009).

"A state procedural default is 'independent' if it relies on state law, rather than federal law." Smith, 550 F.3d at 1274. "A state procedural default is 'adequate' if it is firmly established and regularly followed." Id. The waiver rule followed in Oklahoma is based on state law, see Okla. Stat. tit. 22, § 1086, and OCCA's waiver rule is consistently applied in

6

post-conviction proceedings as to issues, other than claims for ineffective assistance of counsel, which the litigant could have raised on direct appeal but omitted. Id. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Cannon v. Gibson, 259 F.3d 1253, 1267-1269 (10th Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 525 U.S. 933 (1998).

For a petitioner to show cause, he must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the state law. Murray v. Carrier, 477 U.S. 478, 488 (1986). "'Cause' must be 'something external to the petitioner, something that cannot fairly be attributed to him....'" Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993)(quoting Coleman, 501 U.S. at 753). Petitioner contends he has demonstrated cause for his state court procedural default because he was unaware of the factual basis for his jury tampering claim until "after he [Petitioner] had filed his 'Pro Se Motion for Suspended Sentence' on September 2, 2009." Traverse, at 3. However, Petitioner has not shown that he took any steps to discover the factual basis of his jury tampering claim. Rather, he asserts he merely waited until his relatives divulged the alleged factual basis for the claim after he filed his direct appeal. Petitioner has therefore not shown cause for his procedural default. Even if Petitioner could demonstrate cause for his procedural default, Petitioner has not demonstrated prejudice. For a petitioner to show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750. In this case, Petitioner has provided nothing more than his own self-serving affidavit based on the hearsay statements of third parties in support of his claim that jury tampering

7

occurred during his trial. Nothing in the record supports his claim, and the state district court made extensive findings concerning the geographic layout of the courthouse and the security procedures in place during jury deliberations. These findings, which are presumed correct, provide no support for Petitioner's specious contention of jury tampering by the prosecutor. Thus, he has failed to show actual prejudice that would excuse the procedural default.

Nor has Petitioner demonstrated a fundamental miscarriage of justice. "To meet this test, a criminal defendant must make a colorable showing of factual innocence." Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). See Herrera v. Collins, 506 U.S. 390, 404 (1993)("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence."). Petitioner's claim of jury tampering does not support a colorable showing of his factual innocence. Additionally, a careful review of the jury trial transcript reveals that substantial evidence of Petitioner's guilt was presented at his jury trial. Accordingly, Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice sufficient to excuse his state court procedural default. Therefore, federal habeas review of his procedurally defaulted claim is barred, and the Petition should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with

the Clerk of this Court by      May 11th      , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   21st   day of   April  , 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE